FILED

2020 Dec-03  PM 01:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFREDA R. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| NCB MANAGEMENT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, JEFREDA R. BROWN ("Plaintiff"), by and through her attorneys, alleges the following against Defendant, NCB MANAGEMENT SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022.

3. Count III of Plaintiff's Complaint is based on the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-5, et seq. ("ADTPA").

### JURISDICTION AND VENUE

4. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, 15 U.S.C. § 1692k (FDCPA), and 15 U.S.C. § 1681 (FCRA).

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim contained within because it is so related to the claim in the action within such original jurisdiction that it forms part of the same case or controversy

1

6. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

**PARTIES**

7. Plaintiff is a natural person residing in the City of Pinson, Jefferson County, State of Alabama.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and § 1681a(c) of the FCRA.

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant is a "person" as that term is defined by § 1681a(b) of the FCRA.

12. Defendant is a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

13. The credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by § 1681a(d) of the FCRA.

14. Plaintiff is, and at all times mentioned herein, a "person" as defined by § 8-19-3(5) of the ADTPA.

15. Defendant is, and at all times mentioned herein, a "person" as defined by § 8-19-3(5) of the ADTPA.

16. Defendant is, and at all times mentioned herein, engaged in "trade" or "commerce" as defined by § 8-19-3(8) of the ADTPA.

17. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

18. Defendant is a Pennsylvania business corporation and national debt collection agency

2

headquartered in the City of Feasterville-Trevose, Bucks County, Commonwealth of Pennsylvania.

19. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

20. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

21. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

22. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

23. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

24. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS AS TO FDCPA AND ADTPA**

25. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from a RISE Credit account (865094).

26. The alleged debt at issue arises from transactions for personal, family, and household purposes.

27. Within the past year, Defendant began placing collection calls to Plaintiff on her cellular telephone number of 205-810-6282 in an attempt to collect the alleged debt.

28. Defendant's collectors call Plaintiff from several telephone numbers, including 205-709-

1437, which is one of Defendant's telephone numbers.

29. On or about March 17, 2020, Plaintiff mailed a letter ("Plaintiff's Letter") to Defendant, which Defendant received shortly thereafter.  (A true-and-correct copy of Plaintiff's Letter is attached hereto as Exhibit A).

30. Plaintiff's Letter, among other things, disputed the alleged debt that it was attempting to collect from Plaintiff.  (Ex. A).

31. Plaintiff's Letter, among other things, requested that Defendant provide written validation of the alleged debt that it was attempting to collect from Plaintiff.  (Ex. A).

32. Despite receiving Plaintiff's written debt validation request, Defendant has failed to provide Plaintiff with written validation of the alleged debt.

33. Despite receiving Plaintiff's written dispute, Defendant has failed to update its reporting of the tradeline for the alleged debt to the consumer reporting agencies.

34. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owes.

35. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

36. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

**FACTUAL ALLEGATIONS AS TO FCRA AND ADTPA**

37. In or around June 2020, Plaintiff became aware of a tradeline ("Tradeline") for the alleged RISE Credit debt that Defendant was reporting to Experian Information Solutions, Inc. ("Experian") for Plaintiff's Experian credit report.

38. In or around June 2020, Plaintiff sent a written dispute to Experian, informing it of inaccurate reporting of the Tradeline.

39. Plaintiff's written dispute to Experian that the Tradeline was inaccurate because the amount due was inaccurate.

40. Plaintiff requested that Experian correct the inaccuracy of the Tradeline.

41. As a result of Plaintiff's written dispute, Experian contacted Defendant and gave it notice of Plaintiff's dispute.

42. As a result of Plaintiff's written dispute, Defendant continues to inaccurately report the amount due for the alleged debt and also reports that the alleged debt has been in collections since July 2018.  (A true-and-correct copy of the Dispute Results Plaintiff received from Experian is attached hereto as Exhibit B).

43. It is impossible for the alleged debt to have been in collections since July 2018 because the alleged debt was not even incurred until after July 2018.

44. As of October 2020, Defendant continues to furnish to Experian, and potentially others, inaccurate information regarding the Tradeline.

45. As of October 2020, the Tradeline furnished by Defendant to Experian, and potentially others, is inaccurate and/or incomplete.

46. Defendant furnished information that it knew or had reasonable cause to believe was inaccurate.

47. Despite Plaintiff's above-referenced written dispute, Defendant failed to correct the inaccurate and/or incomplete information it was furnishing to the consumer reporting agencies.

48. Despite Plaintiff's efforts to date, Defendant failed to undertake a reasonable investigation following the notification it received from Experian of Plaintiff's dispute because it continues to disseminate inaccurate and/or incomplete information regarding the alleged

debt.

49. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

50. The consumer reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

51. As a result of Defendant's acts and/or omissions Plaintiff has suffered concrete, particularized real harm, including but not limited to, lost credit opportunities and the time, expense, and frustration of communicating with others to correct the inaccurate information on her consumer report.

52. Defendant's above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

53. The conduct of the Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

54. Plaintiff fully incorporates and re-alleges paragraphs 1 through 36 as if fully set forth herein under Count I of Plaintiff's Complaint.

55. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant engaged in all of the misconduct alleged above;

   b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or

misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

c. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant failed to update its reporting of the tradeline for the alleged debt to the consumer reporting agencies despite receiving Plaintiff's Letter;

d. Defendant violated § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed when Defendant failed to update its reporting of the tradeline for the alleged debt to the consumer reporting agencies despite receiving Plaintiff's Letter;

e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein; and

g. Defendant violated § 1692g(b) of the FDCPA by failing to provide Plaintiff with validation of the alleged debt.

WHEREFORE, Plaintiff, JEFREDA R. BROWN, respectfully requests judgment be entered against Defendant, NCB MANAGEMENT SERVICES, INC., for the following:

56. Actual damages to be determined at trial;

57. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

58. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

59. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE FAIR CREDIT REPORTING ACT

60. Plaintiff repeats and realleges paragraphs 1-24 and 37-53 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

61. Defendant violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

   c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

   e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

   f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

   g. Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

WHEREFORE, Plaintiff, JEFREDA R. BROWN, respectfully requests judgment be entered against Defendant, NCB MANAGEMENT SERVICES, INC., for the following:

     a.  All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

     b.  Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

     c.  Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

     d.  Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

     e.  Any other relief that this Honorable Court deems appropriate.

**COUNT III**
**DEFENDANT VIOLATED THE ALABAMA DECEPTIVE TRADE PRACTICES ACT**

62. Plaintiff fully incorporates and re-alleges paragraphs 1 through 61 as if fully set forth herein under Count III of Plaintiff's Complaint.

63. Defendant's foregoing conduct violated the ADTPA as it was engaging in unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce.

WHEREFORE, Plaintiff, JEFREDA R. BROWN, respectfully requests judgment be entered against Defendant, NCB MANAGEMENT SERVICES, INC., for the following:

64. Actual damages, or the sum of $100, whichever is greater, pursuant to § 8-19-10(a)(1) of the ADTPA;

65. Treble damages pursuant to § 8-19-10(a)(2) of the ADTPA;

66. Costs and reasonable attorneys' fees pursuant to § 8-19-10(a)(3) of the ADTPA; and

67. Any other relief that this Honorable Court deems appropriate.

DATED: December 03, 2020       Respectfully submitted,
WALKER MCMULLAN, ATTORNEYS

By: /s/ M. Brandon Walker
M. Brandon Walker
Walker McMullan, Attorneys
242 West Valley Avenue, Suite 312
Birmingham, AL 35209
Tel: 205-417-2541
brandon@walkermcmullan.com
Attorney for Plaintiff

# EXHIBIT A

JeFreda Brown
██████████████████
██████████████████

March 17, 2020


NCB Management Services, Inc.
One Allied Drive
Trevose, PA 19053

Re: RISE Account Number 865094


Dear NCB Management Services:

I am responding to your contact about collecting a debt. You have contacted me by phone several times from several different numbers on March 11, 2020 at 8:14 am and 4 pm; March 5, 2020 at 8:21 am and 6:26 pm, March 10, 2020 at 1:49 pm, March 9, 2020 at 10:36 am and 7:09 pm, March 6, 2020 at 8:11 am, February 28, 2020 at 10:12 am, February 27, 2020 at 10:59 am, February 26, 2020 at 9:17 am and so many more, about the debt as a past due amount. There are too many to list.

You can contact me about this debt, but only in the way I say below. Please do not contact me about this debt in any other way, or at any other place or time. It is inconvenient to me to be contacted except as I authorize below.

You can only contact me:

***By postal mail at*** ████████████████████████████████
***By email at*** ████████████████████

My employer prohibits me from receiving communications like this at work. Please do not contact me on my work phone. Do not email me before 9 am CST or after 5 pm CST Monday through Friday. Do not email me on Saturdays and Sundays.

This is not an acknowledgment or acceptance of the debt. However, I would like to offer a cordial settlement of the account. Please see the following terms:

1. You agree, in writing, to indicate the account as ***paid in full*** as soon as you receive the payment amount that I specify. The account must not be designated as a ***paid collection*** or ***settled account***.

2. You agree, in writing, to completely remove all references to this account from all credit bureaus to which you report.

I am willing to pay 35% of the $3,219.10 balance, which is $1,126.69, in exchange for your agreement to remove all information regarding this debt from all credit reporting agencies to which you report within ten (10) calendar days of receipt of the 2nd payment. I will pay the $1,126.69 in two payments. One payment of $563.35 and $563.34 within 30 days of the first payment.

When I am in receipt of a signed agreement with the aforementioned terms from an authorized representative on NCB Management Services, Inc.'s letterhead, I will pay $1,126.69 (in two payments) via your online payment system on your website.

I hope you will also agree to keep my offer confidential. No acknowledgment of debt or settlement should be reported to any third party (other than the original creditor) or to the Credit Bureaus.

Following the acceptance of this agreement, please send me a legal contract mentioning the terms and conditions of my offer and enforceable under my state's law.

As granted by the Fair Debt Collection Practices Act, I have the right to dispute this alleged debt. If I do not receive your postmarked response within 15 business days of your receipt of this letter, I will withdraw the offer and request full verification of this debt.

Please forward your agreement to the address listed above.

Thank you for your cooperation.

Sincerely,

*JeFreda Brown*
JeFreda Brown

# EXHIBIT B

PO Box 9701
Allen, TX 75013

0005486  01 MB 0.436  **AUTO  T9 0 7158 35126-620504   -C01-P05491-I
JEFREDA R BROWN

ldll·ll·pld·l···ll·pml·l·l|l·ll·l·l·l·l·l·l·l·l·l·l·l·ll·pl·l·nl

# :experian.™

## JEFREDA R BROWN
### Dispute Results
#### Report # **2670-7811-17** for **07/02/20**

Our reinvestigation of the dispute(s) and/or other
request(s) you recently submitted is now complete.
If an item you disputed is not in the list of results
below, it was either not appearing in your credit file
or it already reflected the requested status at the
time of our reinvestigation.

NCB MANAGEMENT SERVICES
86....
PLEASE CONTACT CREDIT GRANTOR AT -2152444200-

In response to your recent request, we are sending you this credit report. Before contacting us, please review this report
carefully. If you disagree with an item, you may dispute it. We will process disputes generally by sending your dispute to
the furnisher of the information or to the vendor who collected the information from a public record. If we were able to
make changes to your credit report based on information you provided, or if you requested the addition of a statement,
we have done so. Otherwise, we have contacted the company reporting the information you disputed, supplied them all
relevant information and any documents you gave us with your dispute, and instructed them to:  review all information we
provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and
update their records and systems as necessary.
**How to read your results**

**Deleted** - This item was removed from your credit report. **Remains** - The company that reported the information has
certified to Experian that the information is accurate. This item was not changed as a result of our processing of your
dispute.  **Updated**  (Your results will indicate which one of the following applies.) – a) The information you disputed has
been updated. Please review your report for the details.  b) The item you disputed has been updated, which may include
an update to the disputed information. Please review your report for the details. c) The information you disputed has
been verified as accurate, however, information unrelated to your dispute has been updated. Please review your report
for the details. d) Information on this item has been updated. Please review your report for the details.**Processed** - This
item was either updated or deleted; Please review your report for the details.

### Here are your results

#### Credit items
**NCB MANAGEMENT SERVICE** 86.... **Outcome: Updated - Information on this item has been updated.  Please review your
report for the details.**

#### Before dispute

| NCB MANAGEMENT SERVICES Partial Acct # 86   1 ALLIED DR # DT TREVOSE PA 19053 (855) 622 3500 |
|---|

| Date opened | First reported | Recent balance | Payment history |
|---|---|---|---|

**Date opened**
Feb 2020
**Address ID #**
0717619930
**Original creditor**
RISE CREDIT OF
ALABAMA LLC D/
**Type**
Debt Buyer
**Responsibility**
Individual

**First reported**
Apr 2020
**Terms**
1 Months
**Monthly payment**
Not reported
**Credit limit or original**
**amount**
$3,219
**High balance**
Not reported

**Recent balance**
$3,219 as of Jun 2020
**Status**
Collection account.
This account is
scheduled to continue on
record until Sep 2026.
**Date of Status**
Feb 2020

**Payment history**

|  | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 |  |  |  | C | ND | C |  |  |  |  |  |  |

**Account History** *  (AB = Account Balance, DPR = Date Payment Received,
SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

|  | Apr20 |
|---|---|
| AB ($) | 3,219 |
| DPR | ND |
| SPA ($) | ND |
| AAP ($) | ND |

7158-01-00-0005486-0X01-0001994

**JEFREDA R BROWN** | Report # **2670-7811-17** for **07/02/20**

## After dispute



NCB MANAGEMENT SERVICES Partial Acct # 86 ... 1 ALLIED DR # DT TREVOSE PA 19053 (855) 622 3500 :

| | |
|---|---|
| **Date opened** | Feb 2020 |
| **Address ID #** | 0717619930 |
| **Original creditor** | RISE CREDIT OF ALABAMA LLC DBA |
| **Type** | Debt Buyer |
| **Responsibility** | Individual |

| | |
|---|---|
| **First reported** | Jul 2018 |
| **Terms** | 1 Months |
| **Monthly payment** | Not reported |
| **Credit limit or original amount** | $3,219 |
| **High balance** | Not reported |

**Recent balance**
$3,219 as of Jul 2020
**Status**
Collection account.
$3,219 past due as of Jul 2020.
This account is scheduled to continue on record until Jan 2025.
**Comment**
Account previously in dispute - investigation complete, reported by data furnisher
This item was updated from our processing of your dispute in Jul 2020.
**Date of Status**
Feb 2020

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2020** | C | C | C | C | C | C | C | | | | | |
| **2019** | C | C | C | C | C | C | C | C | C | C | C | C |
| **2018** | | | | | | | C | C | C | C | C | C |

**Account History *** (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Apr20 |
|---|---|
| AB ($) | 3,219 |
| DPR | ND |
| SPA ($) | ND |
| AAP ($) | ND |

*The original amount of this account was $3,219*

### If our reinvestigation has not resolved your dispute, you have several options:

You may add a statement of up to 100 words to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to Experian including this information in every credit report we issue about you. You may contact the company that reports the information to us and dispute it directly with them. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly. You may provide us additional information or documents about your dispute to help us resolve it by visiting www.experian.com/upload. You may also mail your information to Experian, P.O. Box 9701, Allen, Texas 75013. You may file a complaint about Experian or the company reporting the item, with the Consumer Financial Protection Bureau or your State Attorney General's office. If there has been a change to your credit history resulting from our reinvestigation, or if you add a consumer statement, you may request that Experian send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of Colorado, Maryland or New York), or within the last year for any non-employment purpose under the California Investigative Consumer Reporting Agencies Act. If you send a request to have your results sent to past recipients of your credit report, please designate the organization's name and address. In the event an organization is not specifically designated, we will generally default to sending only to companies that have requested your credit information as a result of an action you took, such as applying for credit, insurance, employment or apartment rental. If you request to have your results sent to past recipients of your investigative consumer report, you have the right to designate which entities you wish to receive the updated report and which entities you do not wish to receive the update. If interested, you may also request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of information. Thank you for helping ensure the accuracy of your credit information. For frequently asked questions about your credit report, please visit experian.com/consumerfaqs.

## Your Updated Credit Report

### Payment History Legend

| | | | | | |
|---|---|---|---|---|---|
| CUR Current | 150 Account 150 days past due | VS Voluntarily surrendered | D Defaulted on contract |
| 30 Account 30 days past due | 180 Account 180 days past due | R Repossession | C Collection |
| 60 Account 60 days past due | CRD Creditor received deed | PBC Paid by creditor | CO Charge off |
| 90 Account 90 days past due | FS Foreclosure proceedings started | EC Insurance claim | CLS Closed |
| 120 Account 120 days past due | F Foreclosed | G Claim filed with government | ND No data for this time period |

*If your creditor reported your account balances to us, we list them in this section as additional information about your account.

*Medical Information*
By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally

7158-01-00-0003-486-0001-0011994

collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

**Your accounts that may be considered negative** The most common items in this section are late payments, accounts that have been charged off or sent to collection, and bankruptcies. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments may remain on the credit report for up to seven years. Chapters 7, 11 and 12 bankruptcies may remain on the credit report for up to 10 years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

## Credit items

NCB MANAGEMENT SERVICES Partial Acct # 86... 1 ALLIED DR # DT TREVOSE PA 19053 (855) 622 3500

| | | |
|---|---|---|
| **Date opened** | **First reported** | **Recent balance** |
| Feb 2020 | Jul 2018 | $3,219 as of Jul 2020 |
| **Address ID #** | **Terms** | **Status** |
| 0717619930 | 1 Months | Collection account. |
| **Original creditor** | **Monthly payment** | $3,219 past due as of |
| RISE CREDIT OF | Not reported | Jul 2020. |
| ALABAMA LLC DBA | **Credit limit or original** | This account is |
| **Type** | **amount** | scheduled to continue on |
| Debt Buyer | $3,219 | record until Jan 2025. |
| **Responsibility** | **High balance** | **Comment** |
| Individual | Not reported | Account previously in |
| | | dispute - investigation |
| | | complete, reported by |
| | | data furnisher |
| | | This item was updated |
| | | from our processing of |
| | | your dispute in Jul 2020. |
| | | **Date of Status** |
| | | Feb 2020 |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | C | C | C | C | C | C | C | | | | | |
| 2019 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2018 | | | | | | | C | C | C | C | C | C |

**Account History *** (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Apr20 |
|---|---|
| AB ($) | 3,219 |
| DPR | ND |
| SPA ($) | ND |
| AAP ($) | ND |

*The original amount of this account was $3,219*

7158-01-00-0005486-0002-0011993



THIS PAGE INTENTIONALLY LEFT BLANK

7158-01-00-0005486-0002-0011993